UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5163-VBF (KK) | Date: | August 3, 2017 |
|---|---|---|---|
| Title: | *Eric J. Wolfe v. Jim McDonnell* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed [Dkt.1]

## I.
## INTRODUCTION

On July 4, 2017, Petitioner Eric J. Wolfe ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). Petitioner challenges his pretrial confinement and potential future conviction for ninety-nine counts of grand theft, false instruments and mortgage fraud. For the reasons set forth below, the Court finds the Petition is subject to dismissal because abstention is required and Petitioner has not exhausted his state court remedies. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

///
///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# II.
# DISCUSSION

Pursuant to 28 U.S.C. § 2241 ("Section 2241"), district courts have jurisdiction "to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting 28 U.S.C. § 2241(a) and (c)(3)). Section 2241 implements a general grant of habeas authority "available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition.'" Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004).

Here, because Petitioner has not yet sustained a state court conviction, Petitioner correctly argues Section 2241 governs this case. See Williams v. Los Angeles Superior Court, No. CV 14-4165-TJH (MAN), 2014 WL 2533804, at *1–2 (C.D. Cal. June 4, 2014).

A.     THE PETITION IS SUBJECT TO DISMISSAL BECAUSE ABSTENTION IS REQUIRED

    1.     **Applicable Law**

There is a longstanding public policy against federal court interference with pending state court proceedings. See Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc); H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Therefore, the United States Supreme Court has made clear "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (citing Ex parte Royall, 117 U.S. 241, 253, 6 S. Ct. 734, 29 L. Ed. 868 (1886)) ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."). Abstention applies to both attempts to preclude and/or stay criminal prosecution *in toto* and attempts to obtain more limited or piecemeal intervention in state criminal actions. See, e.g., Kugler v. Helfant, 421 U.S. 117, 130, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (noting federal courts should not "intervene piecemeal to try collateral issues" in state criminal prosecutions, such as a request to enjoin the admission of evidence); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (finding a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained).

"[A]bstention principles . . . prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980)). Principles of comity and federalism require federal courts to abstain from interfering with ongoing state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 43-45, 91 S. Ct. 746, 27 L.

Ed. 2d 669 (1971). "[T]he category of 'extraordinary circumstances' . . . encompass[es] only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'" Brown, 676 F.3d at 901 (quoting Carden, 626 F.2d at 83).

**2. Analysis**

Petitioner appears to raise twenty-seven grounds for relief challenging both his current pre-trial confinement and potential future conviction for pending state charges. ECF Docket No. ("Dkt.") 1. For example, in Ground One, Petitioner argues half of the counts against him are barred by the applicable statute of limitations; Ground Six alleges a Brady violation; and Ground Twenty-Six alleges ineffective assistance of counsel for failure "to dismiss the time barred counts" and failure to investigate. Id. at 6-15. However, assuming the issues Petitioner raises in the instant Petition are cognizable as constitutional claims, they are affirmative defenses which can be raised in his pending criminal case and on state appeal should he be convicted. Thus, abstention is required because Petitioner has a currently pending opportunity to raise his constitutional claims in state court. See Dubinka, 23 F.3d at 224 (holding the existence of an opportunity to raise federal claims in state proceedings requires abstention). Further, the State of California's interest in prosecuting individuals charged with violating its laws is indisputable and is precisely the type of concern that motivates the Younger doctrine. Kelly v. Robinson, 479 U.S. 36, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986).

Moreover, Petitioner's allegations fail to identify "extraordinary circumstances" warranting this Court's interference in Petitioner's criminal trial in state court. Petitioner's allegations that the state court "proceedings were intentionally delayed to gain a tactical advantage from which prejudiced proceedings ensued," Dkt. 1 at 9, do not rise to the level of irreparable harm required to warrant this Court's intervention. See Younger, 401 U.S. at 46, 53-54 (finding cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention); Carden, 626 F.3d at 84 (finding no special circumstances or irreparable injury where the petitioners contended that the prosecution had harassed them by charging them with nineteen counts when only six were required, and had caused deliberate delay by using the state judge disqualification statute for tactical purposes, and further, that the petitioners would not suffer irreparable injury by waiting until after trial to bring their speedy trial claims); Devaughn v. Sniff, No. CV 08-7972-TJH (SH), 2009 WL 3838252, at *4 (C.D. Cal. Nov. 16, 2009) (finding petitioner's allegations that "the prosecution improperly refiled charges after dismissal, and that the prosecution improperly filing charges in two counties constitute bad faith, do not rise to the level of irreparable harm required to warrant this Court's intervention").

Hence, abstention precludes this Court from granting Petitioner habeas relief and warrants dismissal of this action.

///
///

B.  **THE PETITION IS SUBJECT TO DISMISSAL BECAUSE PETITIONER HAS NOT EXHAUSTED HIS CLAIMS IN STATE COURT**

   1.  **Applicable Law**

Even if abstention were not required, dismissal would be required due to Petitioner's failure to exhaust his claims. While there is no statutory exhaustion requirement for Section 2241 actions, federal courts have imposed a prudential exhaustion requirement. "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions." Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); see also Carden, 626 F.2d at 83 (noting in Section 2241 cases, "[a]s an exercise of judicial restraint," "federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]").

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

   2.  **Analysis**

Here, Petitioner concedes he has not raised any of his grounds for relief to the California Supreme Court. Pet. at 16. Hence, as none of the grounds in the instant Petition have been ruled on by the California Supreme Court, federalism and comity concerns preclude Petitioner's attempt to proceed in federal court without first affording the state courts the opportunity to consider his claims and provide any relief that is appropriate.

C.  **PETITIONER'S REQUEST FOR A RHINES STAY SHOULD BE DENIED**

Lastly, Petitioner requests a stay pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) ("Rhines stay") in order to exhaust his claims in state court because he is "unsure if AEDPA 1-year statute of limitation applies." Dkt. 1 at 16.

Under Rhines, a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. Rhines, 544 U.S. at 276. However, a petition filed under Section 2241 is not subject to AEDPA's one-year statute of limitations. Jiminez v. Holder, No. 10-CV-1528-JAH (NLS), 2011 WL 3667628, at *2 (S.D. Cal. Aug. 19, 2011), aff'd, 535 F. App'x 601 (9th Cir. 2013). Therefore, a Rhines stay is not required to "protect" the timeliness of Petitioner's claims.

Therefore, even if abstention were not required, Petitioner's request for a <u>Rhines</u> stay should be denied.

## III.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed by filing a written response **no later than August 24, 2017.** Petitioner is advised to inform the Court of any reason demonstrating extraordinary circumstances warranting this Court's immediate intervention in Petitioner's state criminal trial and evidence he has exhausted his claims in state court.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form.** However, the Court warns Petitioner any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court expressly warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for failure to prosecute and comply with court orders.** <u>See</u> **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**